# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46093

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

AMBER RAE CALDWELL,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: January 10, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and suspended unified sentence of five years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Amber Rae Caldwell pled guilty to possession of a controlled substance. I.C. § 37-2732(c). In exchange for her guilty plea, an additional charge was dismissed. The district court sentenced Caldwell to a unified term of five years, with a minimum period of confinement of two years, to run concurrent with an unrelated sentence. The district court, however, retained jurisdiction and sent Caldwell to participate in the rider program. Following successful

1

completion of her rider, the district court suspended Caldwell's sentence and placed her on probation. Caldwell appeals, arguing that her underlying sentence is excessive.[1]

Although Caldwell received the sentence she asked for, Caldwell asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Caldwell received the sentence she requested, she may not complain that the district court abused its discretion. Accordingly, Caldwell's judgment of conviction and suspended unified sentence of five years, with a minimum period of confinement of two years, for possession of a controlled substance is affirmed.

---

[1] Caldwell also pled guilty to and was sentenced for driving under the influence. However, she does not challenge this judgment of conviction and sentence on appeal.